JS-6

cc: order, docket, remand letter to
San Luis Obispo Superior Court, No.  CV 100652

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRENT M. PERUCCA,<br><br>                    Plaintiff,<br>     v.<br>U.S. BANK NATIONAL ASSOCIATION and DOES 1–100,<br><br>                    Defendants. | Case No. 2:13-cv-02004-ODW(VBKx)<br><br>**ORDER DISMISSING FEDERAL CLAIMS; ORDER REMANDING CASE** |

On May 6, 2013, the Court ordered Plaintiff Brent Perucca to show cause why (1) his federal claim for violation of the Truth in Lending Act should not be dismissed because of the one-year statute of limitations and (2) his rescission claim under 12 U.S.C. § 2601 should not be dismissed because of the three-year statute of limitations. Perucca has not filed a response. Therefore, the Court hereby **DISMISSES WITH PREJUDICE** both federal claims found in Perucca's sixth cause of action.

Further, with the dismissal of Perucca's sixth cause of action—the sole federal claim—this Court lacks subject-matter jurisdiction over the remaining claims.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original

jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). And if there is any doubt, remand is favored—the removal statute must be strictly construed and "jurisdiction must be rejected." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Here, Defendant premises this removal only on federal-question jurisdiction. (Not. of Removal ¶ 8.) Now without a federal claim in this case, the Court declines supplemental jurisdiction over the remaining claims. And so, this case must be remanded.

Therefore, the Court hereby **REMANDS** this case to San Luis Obispo County Superior Court for lack of subject-matter jurisdiction. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

May 15, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**